IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARY LOU BUTTON,**

    **Plaintiff,**

v.                                                        Civil No. 1:13-cv-232

**KEVIN K. CHUMNEY and JANET L.
CHUMNEY, husband and wife; and
CHESAPEAKE APPALACHIA, LLC,**

    **Defendants.**

## ORDER/OPINION

This matter is before the Court pursuant to Defendant Chesapeake Appalachia, LLC's ("Chesapeake") "Motion to Compel Production of Documents Withheld or, In the Alternative, A Privilege Log," filed on March 27, 2014. (Docket No. 25.) Plaintiff Mary Lou Button ("Button") did not file a response. This matter was referred to the undersigned by United States District Judge Irene M. Keeley on March 4, 2014. (Docket No. 22.)

### I.    Relevant Procedural History

On July 5, 2012, Button filed a Complaint in the Circuit Court of Monongalia County, West Virginia. On July 16, 2012, she filed a First Amended Complaint, in which she sought to set aside a tax deed that conveyed certain minerals from attorney Darrell Ringer, Deputy Commissioner of Delinquent and Nonentered Lands for Monongalia County, to the Chumneys. (Docket No. 1 at 2.) Button requested relief under West Virginia law, alleging that the Chumneys "failed to exercise reasonable diligent efforts to provide notice of their intention to acquire title to the subject mineral interest." (Id. at 2-3.) Chesapeake was granted leave to file a cross-claim for an alleged breach of the covenant of general warranty against the Chumneys. (Id. at 2.)

On September 17, 2013, the Circuit Court granted Button's motion to file a Second Amended Complaint. In addition to requesting the relief noted above, Button also raised a claim seeking damages under 42 U.S.C. § 1983 for the Chumneys' alleged violation of her due process rights for failing to perform "their duty of reasonable diligence to provide notice to redeem to the owners of the subject minerals." (Id. at 3.) The matter was removed to this Court by the Chumneys and Chesapeake on October 15, 2013. (Id.)

On July 17, 2013, Chesapeake served its "First Request for Production of Documents" to Button. The two following discovery requests at issue from that service are:

> **REQUEST NO. 6:** Produce all documents that you contend support your claim that you hold record title to the 46.25 acres of oil and gas located in Monongalia County that is the subject of the above-styled lawsuit ("Subject Minerals").
>
> **REQUEST NO. 14:** Produce all documents relating to all the steps you took to research the title of the Subject Minerals prior to when you filed this lawsuit, if any.

(Docket No. 25 at 1-2, Ex. A.) On September 13, 2013, Button served her "Answers and Responses to Defendant Chesapeake Appalachia, L.L.C.'s First Set of Interrogatories and First Request for Production of Documents." (Id. at 2, Ex. B.) Her responses to the requests cited above were:

> **RESPONSE [to Request No. 6]:** Those records are voluminous and were offered for examination at my attorney's office to Chesapeake in 2012. The offer stands. My attorney volunteered to send his abstractor, Ms. Wang, to Chesapeake's counsel to discuss her findings.
>
> **RESPONSE [to Request No. 14]:** My attorney hired a title abstractor. Her records are in his office and available for examination.

(Id., Ex. B at 9-10.)

Counsel for Chesapeake and Button scheduled for Chesapeake to conduct a document inspection at Button's counsel's office on February 25, 2014. During the inspection, counsel for

Button informed counsel for Chesapeake "that he had removed certain documents from the file of his paralegal/abstractor, Christine Wang ("Ms. Wang"), on the grounds of privilege or work-product protection prior to making such file available for inspection." (Docket No. 25 at 2.) Although requested by counsel for Chesapeake, counsel for Button did not provide a privilege log as to the withheld documents as required by Local R. Civ. P. 26.04(a)(2).

On February 26, 2014, counsel for Chesapeake wrote to counsel for Button again asking for a privilege log "specifically describing each document that he removed from Ms. Wang's file and indicating the privilege or protection he claims with respect to each such document." (Id. at 3, Ex. C.) Having failed in "good faith negotiations," Chesapeake filed the instant motion to compel.

## II.  Contentions

Chesapeake asserts that the Court should grant its motion because Button has waived any objections on privilege or work-product grounds and therefore must produce the documents withheld. (Id. at 3-7.) In the alternative, Chesapeake states that Button should be required to produce a privilege log with respect to the documents withheld. (Id. at 7.)

## III.  Discussion

Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The scope and conduct of discovery . . . are within the sound discretion of the district court." Erdmann v. Preferred Research, Inc., 852 F.2d 788, 792 (4th Cir. 1988). A party may file a motion to compel when another party "fails to respond that inspection will be permitted–or fails to permit

inspection–as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). When a motion to compel is filed, the party opposing the motion bears the burden of showing why it should not be granted. See Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 247 (N.D. W. Va. 1970).

Fed. R. Civ. P. 26(b)(5)(A) provides:

*Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The party asserting the claim has the burden of showing why such privilege or protection applies. See In re Grand Jury Subpoena: Under Seal, 415 F.3d 333, 338-39 (4th Cir. 2005). To this end, "[t]he Local Rules [of Civil Procedure] require more specific information to be disclosed." Twigg v. Pilgrim's Pride Corp., No. 3:05-CV-40, 2007 WL 676208, at *8 (N.D. W. Va. Mar. 1, 2007). Specifically, Local R. Civ. P. 26.04(a)(2) provides in relevant part:

Claims of Privilege:

(i) Where a claim of privilege is asserted in objecting to any means of discovery or disclosure including, but not limited to, a deposition, and an answer is not provided on the basis of such assertion:

(A) The attorney asserting the privilege shall identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked and certify the attorney had reviewed each document for which privilege is asserted; and

4

> (B) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:
>
> > (1) For documents:
> >
> > > (a) the type of document, e.g., letter or memorandum;
> > >
> > > (b) the general subject matter of the document;
> > >
> > > (c) the date of the document; and
> > >
> > > (d) such information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other[.]

Under Fed. R. Civ. P. 34, the rule governing interrogatories to parties, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 34(b)(4). Although Fed. R. Civ. P. 34, the rule governing document production, does not contain a similar waiver provision, this Court has previously applied Rule 33's waiver provision to document production requests. See Cain v. Liberty Mut. Ins. Co., No. 3:10-cv-109, 2011 WL 1833096, at *4 (N.D. W. Va. May 13, 2011); see also Essex Ins. Co. v. Neely, 236 F.R.D. 287 (N.D. W. Va. 2006). In addition, Local R. Civ. P. 26.04(a)(1) provides:

> Waiver: Objections to disclosures or discovery that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling order(s), or stipulation of the parties pursuant to Fed. R. Civ. P. 29, whichever governs, are waived unless otherwise ordered for good cause shown. Objections shall comply with Fed. R. Civ. P. 26(g) and any claim of privilege or objection shall comply with Fed. R. Civ. P. 26(b)(5).

Here, Button served her responses to Chesapeake's Requests for Production Nos. 6 and 14

on September 13, 2013. (Docket No. 25 at 2.) Again, those answers are as follows:

> **RESPONSE [to Request No. 6]:** Those records are voluminous and were offered for examination at my attorney's office to Chesapeake in 2012. The offer stands. My attorney volunteered to send his abstractor, Ms. Wang, to Chesapeake's counsel to discuss her findings.
>
> **RESPONSE [to Request No. 14]:** My attorney hired a title abstractor. Her records are in his office and available for examination.

(Id., Ex. B at 9-10.) Clearly, these responses never mention an objection based upon privilege or work product doctrine. Instead, counsel for Button first asserted such an objection on February 14, 2014, approximately five months after serving responses to Chesapeake's requests. Accordingly, the undersigned finds that Button's objection was not raised in a timely manner. Because Button served her responses prior to this case being removed to this Court, the West Virginia Rules of Civil Procedure applied. Nevertheless, as this Court has previously stated:

> Under both the West Virginia and Federal Rules of Civil Procedure, any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. See W. Va. R.C.P. 33; Fed. R. Civ. P. 33. While Fed. R. Civ. P. 34 and its West Virginia counterpart lack similar waiver provisions, the Court has leeway in Fed. R. Civ. P. 37 and W. Va. R.C.P. 37 to impose discovery sanctions as the Court deems appropriate.

Cain, 2011 WL 1833096, at *6.

As noted above, counsel for Button also failed to produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and Local R. Civ. P. 26.04(a)(2). This Court has previously noted that "[t]he advisory committee notes to Rule 26(b)(5) of the Federal Rules of Civil Procedure make clear that failure to comply with the rule may constitute a waiver of the privilege." Small v. Ramsey, No. 1:10CV121, 2011 WL 3627271, at *5 (N.D. W. Va. Aug. 17, 2011) (citing Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 662 (D. Colo. 2000)); see also Susko v. City of Weirton, No. 5:09-CV-1,

6

2010 WL 1881933, at *10-11 (N.D. W. Va. May 7, 2010) (finding that plaintiff's objection on the grounds of privilege and work product doctrine was improper because it was not accompanied by a privilege log and ordering plaintiff to produce complete response to discovery requests at issue). Here, it is clear that the objection given by counsel for Button during the February 25, 2014 document inspection was "plainly insufficient" because of his untimely assertion of the objection and because of his failure to produce a privilege log. Twigg, 2007 WL 676208, at *9.

The undersigned finds there is no question that Button failed to comply with both Fed. R. Civ. P. 26(b)(2) and Local R. Civ. P. 26.04(a)(2). However, "the local rule is silent with respect to the appropriate sanction, if any, to be applied for such a breach." Small, 2011 WL 3627271, at *11. The "sanction of waiver is not mandatory"; rather, "it is permissive and within the discretion of the Court." Id. To determine what, if any, sanctions should be imposed, the Court must consider the following four factors:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

So. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). Sanctions are inappropriate "[w]hen it has been established that failure to comply has been due to inability, and not willfulness, bad faith, or any fault of the non-complying party." Wilson v. Volkswagen of Am., 561 F.2d 494, 503 (4th Cir. 1997).

As noted before, Button did not file a response to Chesapeake's motion to compel. Furthermore, Exhibit C to Chesapeake's motion indicates that counsel for Chesapeake previously asked counsel for Button to produce a privilege log. (Docket No. 25, Ex. C.) However, the fact

7

that Chesapeake filed the instant motion demonstrates that counsel for Button has not responded to that request. The undersigned further finds that the failure to produce a privilege log prejudiced Chesapeake because Chesapeake has no way to assess the validity of the privilege and protection claimed by Button. With no privilege log, Chesapeake cannot determine whether Button is withholding otherwise potentially discoverable documents without a valid basis. The undersigned also notes that this is Chesapeake's second motion to compel further disclosures. Previously, Chesapeake filed a motion to compel a sufficient expert witness disclosure from Button. (Docket No. 21.) Counsel for Button did not file a response to that motion either, and the undersigned granted Chesapeake's motion by Order filed April 8, 2014. (Docket No. 26.)

Given Button's counsel's pattern of not responding to not only informal inquiries by Chesapeake but also motions to compel filed with the Court, the undersigned concludes that sanctions less drastic than the sanction of waiver would not be effective to ensure that Button complies with the rules governing the conduct of discovery. Accordingly, the undersigned imposes the sanction of waiver, and orders Button to serve complete responses to Chesapeake's requests.

## IV.  Decision and Order

For the foregoing reasons, Chesapeake's "Motion to Compel Production of Documents Withheld or, In the Alternative, A Privilege Log (Docket No. 25) is **GRANTED**. Button shall serve adequate and complete responses to the document requests at issue within fourteen (14) calendar days following entry of this Order/Opinion.

In accord with Fed. R. Civ. P. 37(a)(5)(A), Chesapeake shall submit and serve on counsel of record for Button its claim for "reasonable expenses," if any, including attorneys' fees, necessitated by the conduct of the party and/or party's attorney which necessitated the filing and

prosecution of the subject motion to compel within fourteen (14) days following entry of this Order/Opinion.  Button shall have fourteen (14) days following the filing of Chesapeake's claim to file any written objections she may have to the reasonableness of the claimed expenses.  Only in the event Chesapeake files a claim for expenses and Button timely objects, will the Court schedule "an opportunity to be heard" hearing on the reasonableness of the fees and costs claimed.

It is so **ORDERED**.

The Clerk is directed to remove Docket No. 25 from the docket of motions actively pending before the Court.

The Clerk is further directed to provide copies of this Order/Opinion to all counsel of record.

DATED: April 15, 2014

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE